**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF CALLAN MARINE, LTD., AS OWNER OF THE "CONSTITUTION 1," ITS ENGINES, TACKLE, APPAREL, ETC.; ALTERNATIVELY, AS OWNER OF THE "CONSTITUTION 2," ITS ENGINES, TACKLE, APPAREL, ETC.; AND ALTERNATIVELY, AS OWNER OF THE "GENERAL EISENHOWER," ITS ENGINES, TACKLE, APPAREL, ETC., IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § § | C.A. NO. _____<br><br>**In Admiralty Pursuant to Rule 9(h)** |

**COMPLAINT AND PETITION FOR**
**EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner Callan Marine, Ltd. ("Petitioner"), as owner of the *Constitution 1*, its engines, gear, tackle, etc.; and, as well as in the alternative, as owner of the *Constitution 2*, its engines, gear, tackle, etc.; and, as well as in the alternative, as owner of the Dredge *General Eisenhower*, its engines, gear, tackle, etc., brings this Complaint and Petition for Exoneration from or Limitation of Liability, both civil and maritime, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

1. This is a case of Admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Petitioner is, and was at all material times hereto, a limited partnership formed and existing under the laws of Texas. Petitioner is, and was at all material times hereto, the owner of the *Constitution 1*, etc.; the *Constitution 2*, etc.; and the *General Eisenhower*, etc.

3. Prior to and at all times hereinafter described, Petitioner exercised due diligence to make and maintain the *Constitution 1*, etc.; the *Constitution 2*, etc.; and the *General Eisenhower*, etc., in all respects seaworthy and, at all times material hereto, each vessel was, in fact and when applicable, tight, staunch, strong, properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, appliances, and furniture, all in good order and condition and suitable for the service in which each vessel was engaged.

4. The *Constitution 1*, etc.; the *Constitution 2*, etc.; and/or the *General Eisenhower*, etc., commenced a voyage on or about August 31, 2019, in the general vicinity of Galveston, Texas, which ended on or about September 16, 2019, in the general vicinity of Galveston, Texas. During the course of the said voyage, Adam Paul Guidry purportedly sustained personal injuries aboard the *Constitution 1*, etc.; the *Constitution 2*, etc.; and/or the *General Eisenhower*, etc., in an alleged incident occurring on or about September 5, 2019.  The loss of life, injury, and property damage, if any, sustained by any and all persons or entities which may have resulted from the alleged occurrence or occurrences were not caused or contributed to by any design, fault, neglect, or want of care on the part of Petitioner herein, or anyone for whom Petitioner may be responsible, nor by any alleged unseaworthiness attributable to the *Constitution 1*, etc.; the *Constitution 2*, etc.; or the *General Eisenhower*, etc.

5. The loss of life, injury and property damage, if any, sustained by any and all persons or entities which may have resulted from the alleged occurrence or occurrences could only have been occasioned and incurred without the privity or knowledge of Petitioner.

6. The *Constitution 1*, etc. has not been arrested or attached within six (6) months after the Petitioner received the first written notice of any claim from any claimant.  The *Constitution 2*,

etc. has not been arrested or attached within six (6) months after the Petitioner received the first written notice of any claim from any claimant. The *General Eisenhower*, etc. has not been arrested or attached within six (6) months after the Petitioner received the first written notice of any claim from any claimant.

7. Petitioner has a reasonable basis upon which to believe it possible that claims will be asserted and prosecuted against it in amounts exceeding the total sum they may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

8. Except as stated in Paragraph nine (9) below, there are no demands, unsatisfied liens or claims of lien, in contract or in tort, arising from the aforementioned voyage of the *Constitution 1*, etc.; the *Constitution 2*, etc.; or the *General Eisenhower*, etc., so far as is known to Petitioner.

9. Notwithstanding the fact that the alleged injury, loss, destruction and damages described herein, if any and which are in all respects denied, were done, occasioned and incurred without the fault, design, neglect, privity, or knowledge of Petitioner, or anyone for whom Petitioner is or at any material time was responsible, nevertheless claims and demands have been made against Petitioner. The claims which have been asserted, but were subsequently voluntarily dismissed by Adam Paul Guidry, without prejudice, are as follows:

| **CLAIMANT/NON-SUITED ACTION** | **NATURE OF CLAIM** |
|---|---|
| Cause No. 20-CV-0020; *Adam Paul Guidry v. Callan Marine, Ltd.*; In the 56th Judicial District Court, Galveston County, Texas. | Alleged personal injuries. |
| Cause No. 2020-13178; *Adam Paul Guidry v. Callan Marine, Ltd.*; In the 270th Judicial District Court for Harris County, Texas. | |

10.     The value of Petitioner's interest in the *Constitution 1*, etc. does not exceed the sum of $20,000.00.  In addition and in the alternative, the value of Petitioner's interest in the *Constitution 2*, etc. does not exceed the sum of $40,000.00  In addition and in the alternative, the value of Petitioner's interest in the Dredge *General Eisenhower*, etc. at the end of the above-described voyage does not exceed the sum of $1,800,000.00.  Petitioner provides the attached Affidavit of Value in support of these contentions.

11.     Petitioner hereby reserves its right to contest any claim asserted against it, and the liability of the *Constitution 1*, etc., if any; the liability of the *Constitution 2*, etc., if any; and/or the liability of the *General Eisenhower*, etc., if any, for such loss of life, injury, and property damage occasioned or incurred during the period August 31, 2019 through September 16, 2019, and Petitioner claims exoneration or exemption from liability for the loss of life, injury and property damage, if any, which may have resulted from the said occurrences and for the loss of life, injury, and property damage, if any, that may have occurred or hereafter may occur.  Petitioner further claims the benefit of limitation of liability as provided in Sections 4282 to 4289, inclusive, of Title 46 of the Revised Statutes of the United States, 46 U.S.C. §§ 30501-30512, and any and all acts of Congress of the United States amendatory thereof or supplemental thereto, and the rules of practice of this Court and the Supreme Court of the United States.  While not in any way admitting Petitioner is under any liability for any loss of life, personal injury, destruction, property damage, or loss occurring, Petitioner claims and reserves its right to contest in this Court, or any other court, any liability therefor, of Petitioner, the *Constitution 1*, etc.; the *Constitution 2*, etc., and/or the *General Eisenhower*, etc., and Petitioner claims and is entitled to have its liability, if any, limited to the amount or value of its interest as aforesaid in the *Constitution 1*, etc.; and/or in the *Constitution 2*, etc.; and/or in the *General Eisenhower*, etc., immediately after the aforesaid occurrence(s).

12. All and singular the premises are true and within the Admiralty Jurisdiction of the United States and of this Honorable Court.

For these reasons, Petitioner respectfully requests and prays that:

(a) This Court cause due appraisement to be made of the amount or value of the Petitioner's interest in the *Constitution 1*, etc.; and/or in the *Constitution 2*, etc.; and/or in the *General Eisenhower*, etc., for the voyage in question.

(b) This Court make an Order directing the issuance of a Monition and Notice of Complaint to all persons claiming damages for any and all loss of life, personal injury, destruction, property damage or loss occasioned or incurred by or resulting from the aforesaid casualty or other occurrences, as hereinabove described, or during the voyage on which the *Constitution 1*, etc.; and/or the *Constitution 2*, etc.; and/or the *General Eisenhower*, etc., was then engaged, citing them and each of them to file their respective claims with the Clerk of this Honorable Court, and to serve copies of said claims upon the attorney for the Petitioner on or before the time fixed by this Court in the Monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims thereafter before a commissioner or this Court as this Court may later direct, and also to appear and answer the allegations of this Complaint and Petition according to the laws, rules and practices of this Court at or before a certain time to be fixed by the Monition.

(c) This Court issue an injunction restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of or resulting from the casualty the *Constitution 1*, etc.; and/or the *Constitution 2*, etc.; and/or the *General Eisenhower*, etc., was then engaged, and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature or description whatsoever,

except in the present proceedings, against Petitioner or its agents or representatives or any other person whatsoever for whom Petitioner may be responsible or the *Constitution 1*, etc.; and/or the *Constitution 2*, etc.; and/or the *General Eisenhower*, etc., in respect of any claim or claims arising out of the aforesaid voyage of the *Constitution 1*, etc.; and/or the *Constitution 2*, etc.; and/or the *General Eisenhower*, etc., during the period August 31, 2019 through September 16, 2019 along with the aforesaid occurrence(s).

(d)     This Court, assuming that a claim is filed against Petitioner, as well as the *Constitution 1*, etc.; and/or the *Constitution 2*, etc.; and/or the *General Eisenhower*, etc., in this proceeding, adjudge:

(i.)     Petitioner is not liable to any extent for any loss of life, injury, destruction, property damage or loss, nor for any claim whatsoever in any way arising out of or consequent upon the aforesaid occurrence(s);

(ii.)    Alternatively, if Petitioner shall be adjudged liable, that such liability be limited to the amount or value of Petitioner's interest in the *Constitution 1*, etc.; and/or in the *Constitution 2*, etc.; and/or in the *General Eisenhower*, etc., immediately after the voyage on which the aforesaid occurrence(s) took place, and that the money paid or secured to be paid as aforesaid be divided *pro rata* among such Claimants as may duly prove their claims, if any, before this Court or a commissioner, if one be appointed, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

(e)     Petitioner has such other and further relief as the justice of the cause may require.

Respectfully submitted,

By: */s/ Kenneth W. Bullock, II*
　　Kenneth W. Bullock, II
　　Texas Bar No.:  24055227
　　Federal I.D. No.:  675132
MUNSCH, HARDT, KOPF & HARR, P.C.
Pennzoil Place
700 Milam, Suite 2700
Houston, Texas  77002
Telephone: (713) 222-1470
Facsimile: (713) 222-1475
kbullock@munsch.com

**ATTORNEYS FOR PETITIONER
CALLAN MARINE, LTD.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF CALLAN MARINE, LTD., AS OWNER OF THE "CONSTITUTION 1," ITS ENGINES, TACKLE, APPAREL, ETC.; AS OWNER OF THE "CONSTITUTION 2," ITS ENGINES, TACKLE, APPAREL, ETC.; AND AS OWNER OF THE "GENERAL EISENHOWER," ITS ENGINES, TACKLE, APPAREL, ETC., IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § | C.A. NO. _____<br><br>In Admiralty Pursuant to Rule 9(h) |

## AFFIDAVIT OF VALUE

1.  "My name is Maxie McGuire. I am over twenty-one years of age, of sound mind and am competent to make this Affidavit. The facts stated in this Affidavit are within my personal knowledge and are true and correct.

2.  I am the President of Callan Marine, Ltd., which is a limited partnership engaged in, among other things, dredging operations, along with the procurement and maintenance of vessels and equipment to accomplish those tasks. I have experience in the maritime and dredging industry.

3.  Based on prevailing market conditions and other investigation, the estimated fair market value of the *Constitution 1*, its engines, tackle, apparel, etc., in September 2019, on an as is/where is basis, was $20,000.00.

4.  Based on prevailing market conditions and other investigation, the estimated fair market value of the *Constitution 2*, its engines, tackle, apparel, etc., in September 2019, on an as is/where is basis was $40,000.00.

5.  Based on prevailing market conditions and other investigation, the estimated fair market value of the *General Eisenhower*, its engines, tackle, apparel, etc., in September 2019, on an as is/where is basis was $1,800,000.00.

6.  The estimated valuation of each of the *Constitution 1*, *Constitution 2*, and *General Eisenhower*, and their respective engines, tackle, apparel, etc., is based on my experience, background and opinion in the industry, as well as my understanding of relevant market conditions and related factors affected valuation.

7. In accordance with 28 U.S.C § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

_____
MAXIE MCGUIRE